UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                                                          CIVIL NO. 3:26-CV-31-GHD-RP

TWENTY-FIVE (25) PIT BULL-TYPE
DOGS AND ANY SUBSEQUENT OFFSPRING                           DEFENDANTS

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Comes now the United States of America, Plaintiff in the above-styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**Nature of the Action**

1. This is an action to forfeit and condemn property to the United States pursuant to 7 U.S.C. § 2156 (e) for violations of 7 U.S.C. § 2156, the Animal Welfare Act.

**The Defendants in Rem**

2. The defendant property consists of the following: Twenty-Five (25) Pit Bull-type dogs and any offspring born after the initial date of seizure. The dogs are currently under the care and custody of local animal shelters at the direction of the Panola County, Mississippi Sheriff's Office. The United States intends to request the issuance of an Arrest Warrant In Rem based on a finding of probable cause in this Complaint. The United States Marshal's Service will execute the warrant to allow its contractor to take possession of the dogs and bring them within the *in rem* jurisdiction of this Court and to provide immediate care to the dogs.

## Jurisdiction and Venue

3. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 7 U.S.C. § 2156 (e).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Moreover, the Court will have control over the property pursuant to the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. §1395 because the property was located in this district.

## Basis for Forfeiture

6. The defendant property is subject to forfeiture pursuant to 7 U.S.C. § 2156 (e) because it constitutes animals for which probable cause exists to believe were involved in violations of 7 U.S.C. § 2156, the Animal Welfare Act. Specifically, probable cause exists to believe that the defendant animals were sold, bought, possessed, trained, transported, delivered, or received for the purpose of having the animals participate in an animal fighting venture as defined in 7 U.S.C. § 2156 (f)(1).

## Facts

7. On January 18, 2026, deputies and investigators from the Panola County, Mississippi Sheriff's Office were dispatched to 1078 Rockhill Road, Sardis, Panola County,

Mississippi after receiving an anonymous tip that organized dog fighting activities were potentially taking place at the Rockhill Road location. The residence is owned by Derrick Fondren.

8. When officers arrived at the Rockhill Road location they observed multiple vehicles at the location that had cages in them for transporting dogs. Several individuals fled the scene and ran into a nearby wooded and several other individuals were detained by the officers.

9. While conducting a safety sweep of the outside of the residence, officers observed an area that appeared to be a hastily deconstructed dog fighting ring in the northeast corner of the backyard. Deputies observed liquor and soft drink bottles in a semi-circular pattern around an area that contained large pieces of wood in the shape of a "V" pattern. It appeared that the wood pieces served as an area to conduct dog fights and the pattern of bottles in the area suggested that people would gather around the wood pieces to observe the fights.

10. Officers discovered fourteen (14) dogs in an area south of the residence. Each dog was found chained to a metal pole that was driven into the ground. Each dog also had a plastic barrel with straw inside as shelter. Officers documented evidence found outside of the residence while a search warrant for the inside of the residence was being obtained.

11. Officers executed a search warrant for the residence at 1078 Rockhill Road Inside the house, officers discovered additional dogs including five (5) small puppies. Additional dog kennels/crates were located inside of the residence and a treadmill-like machine appearing to have been made specifically for dogs was in the living room of the residence. The treadmill machine is consistent with similar devices often found at dog

fighting operations. In the bedroom closest to the kitchen, officers a large quantity of various medicines and medical supplies commonly found at dog fighting operations. Finally, officers discovered two firearms, a red bag containing a large amount of U.S. currency, and a substance that is believed to be marijuana in the same bedroom.

12. Officers secured the use of a trailer to properly crate and transport the dogs away from the scene and into the care of animal shelters that were willing to take the dogs. In all, twenty-five (25) pit bull type dogs were taken from the property and transported for treatment and housing. One shelter noted that two of the dogs may be pregnant but have not yet confirmed. As such, the undersigned has included all offspring born to any of the seized dogs after the initial date of seizure (January 18, 2026) as defendant property and subject to forfeiture.

13. Based on the above facts, Plaintiff alleges that defendant property is subject to forfeiture pursuant to 7 U.S.C. § 2156 (e) because it constitutes animals for which probable cause exists to believe were involved in violations of 7 U.S.C. § 2156, the Animal Welfare Act. Specifically, probable cause exists to believe that the defendant animals were sold, bought, possessed, trained, transported, delivered, or received for the purpose of having the animals participate in an animal fighting venture as defined in 7 U.S.C. § 2156 (f)(1).

14. That pursuant to the provisions of 21 U.S.C. § 881(h), all right, title and interest in the Defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, premises considered, Plaintiff prays as follows:

(1) That a Warrant of Arrest in rem issue commanding the seizure of the Defendant property;

(2)  That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3)  That judgment of forfeiture be decreed against the Defendant property;

(4)  That upon judgment of forfeiture, the United States Marshal dispose of the Defendant property in accordance with law;

(5)  For costs and for such other further relief to which Plaintiff may be justly entitled

                        Respectfully submitted,

                        SCOTT F. LEARY
                        United States Attorney

By:   /s/   SAMUEL D. WRIGHT
        SAMUEL D. WRIGHT
        Assistant United States Attorney
        Mississippi Bar No. 101425
        900 Jefferson Avenue
        Oxford, Mississippi 38655-3608
        Telephone: (662) 234-3351
        Fax: (662) 234-3318

## **VERIFICATION**

I, Samuel D. Wright, hereby verify and declare under penalty of perjury that as an Assistant United States Attorney assigned litigation responsibilities for this matter that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by law enforcement officers, as well as my review of the investigation of this case, together with others, as an Assistant United States Attorney.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: February 11, 2026.

/s/ SAMUEL D. WRIGHT
Samuel D. Wright
Assistant U.S. Attorney